United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELER'S PROPERTY CASUALTY COMPANY OF AMERICA, f/k/a The Traveler's Indemnity Company of Illinois, a Connecticut corporation,<br><br>    Plaintiff,<br><br> v.<br><br>CROW CANYON DEVELOPERS, LTD., a California limited partnership, KAJIMA DEVELOPMENT CORPORATION, a Delaware corporation, REYNOLD C. JOHNSON, ENTERPRISES, a dissolved California corporation, THE STRINGER GROUP, LP, a California limited partnership, CEDAR GROVE APARTMENTS, LP, d/b/a Promontory View, a California limited partnership, and DOES 1-10,<br><br>    Defendants. | No. C-05-2856 SC<br><br>ORDER GRANTING DEFENDANTS CROW CANYON'S AND KAJIMA DEVELOPMENT GROUP'S MOTION TO STAY PLAINTIFF'S DECLARATORY RELIEF ACTION<br><br>AND<br><br>ORDER DENYING DEFENDANTS CROW CANYON'S AND KAJIMA DEVELOPMENT GROUP'S MOTION TO DISMISS <u>PLAINTIFF'S ACTION</u> |

I. **<u>INTRODUCTION</u>**

The Travelers Property Casualty Company of America ("Plaintiff" or "Traveler's") brought this action for declaratory relief against Defendants Crow Canyon, Ltd. and the Kajima Development Corporation ("Defendants"), asking the Court to declare that Plaintiff has no duty to provide coverage to Defendants under any provision of the insurance policies, that it

may withdraw from its current defense of Defendants, and to order Defendants to reimburse it for attorneys' fees and costs. Plaintiff's Memorandum in Opposition to Motion to Dismiss or Stay Declaratory Relief Action at 7-8 ("Pl.'s Mem.").

Defendant now moves to dismiss or, in the alternative, stay this federal action. Defendants' Memorandum in Support of the Motion to Stay or Dismiss Federal Declaratory Relief Action, at 1 ("Defs' Mem.").

For the reasons contained herein, this Court hereby GRANTS Defendants' motion for a STAY of the federal proceedings and DENIES the motion to dismiss the federal action.

## II. BACKGROUND

Plaintiff issued liability policies to Crow Canyon Developers, Inc., Kajima Development, and the Stringer Group, which were in effect from March 6, 1997 to April 30, 1998 ("the Policies"). Pl.'s Mem. at 2. Plaintiff contends that, from 1991 to 1998, Defendants owned property in San Ramon, California, which they had developed as the Promontory View Apartments ("the Promontory Apartments"). Id. Defendants sold the Promontory Apartments to Cedar Grove Apartments, LP ("Cedar Grove") on April 30, 1998. Id. In April 2004, Cedar Grove filed suit in The Superior Court for the County of Contra Costa, California ("the State Action") against Defendants and Reynold Johnson Enterprises, Inc., a partner in the Stringer Group. Id. In the State Action, Cedar Grove alleges that these defendants are liable for faulty design and defective construction of Apartments. Id. at 3. The

2

State Action is pending. Id. Plaintiff is not a party in the State Action. Id. at 4.

Defendants tendered their defense of the State Action to Plaintiff, which accepted their defense pursuant to a reservation of rights. Id. at 3. One month after accepting the defense, Plaintiff advised Defendants that it owed no coverage for liabilities in the State Action. Id. Specifically, Plaintiff contends that it need not provide coverage to Defendants in the State Action because the policies, under Exclusion j (sic) ("Exclusion J"), exclude coverage for property damage to "property [the policy holder] own[s], rent[s], or occup[ies]." Defs' Mem., Ex. A at 5. Because Defendants owned the Promontory Apartments during the Policies' effective period, Plaintiff contends that it owes no coverage for whatever damage was caused during that time. Pl.'s Compl. at 3 ("Compl."). Plaintiff, however, continues to provide a defense to Defendants in the State Action. Id. at 4.

Plaintiff brought this action in Federal Court based on diversity of citizenship, pursuant to 28 U.S.C. Section 1332, alleging that Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs. Complaint for Declaratory Relief at 3 ("Compl.").

### III. **LEGAL STANDARD**

A District Court is authorized, in the sound exercise of its discretion, "to stay or dismiss an action seeking declaratory judgment before trial or after all arguments have drawn to a

close." Wilton v. Seven Falls Company, 515 U.S. 277, 288 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id.

The Declaratory Judgment Act "gave federal courts competence to make a declaration rights; it did not impose a duty to do so." Public Affairs Associates v. Rickover, 369 U.S. 111, 112 (1962). This discretion is not, however, unfettered. "[A] District Court cannot decline to entertain such an action as a matter of whim or personal disinclination." Id.

In deciding whether to exercise its discretion, a Federal Court aims to avoid needless determination of state law issues, to discourage forum-shopping, and to avoid duplicative litigation. See Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 495 (1942).

The issues in the underlying state action need not be identical - an overlap of factual questions between the two actions is sufficient. See Polido v. State Farm Mutual Automobile Insurance Company, 110 F.3d 1418, 1423 (9th Cir. 1997), overruled on other grounds by Government Employees Insurance Company v. Dizol, 133 F.3d 1220 (9th Cir. 1998). Also, the parties need not be identical - it will suffice that a party can be joined as a necessary party in the state action or can intervene therein as a matter of right. Id.

"A stay will often be the preferable course because it assures that the federal action can proceed [later,] without risk

4

of a time bar if the state case fails to resolve the matter in controversy. Wilton, 515 U.S. at 288, FN 2.

In considering whether to stay the federal proceedings, a District Court should examine the "scope of the pending state court proceeding and the nature of the defenses there [which includes consideration of] whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Id. at 283, quoting Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 495 (1942).

## IV. DISCUSSION

Plaintiff contends that Exclusion J frees it of the duty to supply a defense to Defendant. Compl. at 5-6. In relevant part, Exclusion J states that "coverage does not apply to 'property damage' to...property you own, rent or occupy." Defs' Mem., Ex. A at 5.[1]

Defendants contend that "whether 'property damage' as defined by the [the Policies] has occurred" is being litigated in the State Action. Defs' Mem. at 10.

As stated above, the State Action Complaint alleges that the

---

[1] Plaintiff also asks the Court to declare that Plaintiff has no duty to provide a defense "on the basis of any other term, exclusion or condition of any or all of the referenced Policies..." Pl.'s Mem. at 7. The Court will not address this request at present. First, Plaintiff has not sufficiently briefed the Court on this very broad request. Second, it would unnecessarily complicate the State Action to make determinations about the rights and duties of Plaintiff under the Policies.

5

Promontory Apartments were defective in many respects.

In order for the Court to determine whether Exclusion J frees Plaintiff from the duty to provide a defense to Defendant, the Court must answer, among other questions, whether there was property damage. The Court believes that by determining this issue it would duplicate the litigation currently underway in the State Action.

The Court finds that issuing a stay is the preferable course. Not only will it avoid duplicating litigation, it will also allow Plaintiff the possibility of a future forum, if the State Action fails to resolve pertinent issues.

The Court finds it unnecessary to consider Defendants' contentions regarding dismissal because these contentions largely discuss the need to avoid piecemeal litigation and having to defend a case in two forums. Defs' Mem. at 6-13. A stay accomplishes these ends.

Plaintiff, however, contends that a stay is not appropriate in this case. Pl.'s Mem. at 1-2.

In support of this, Plaintiff cites California Code of Civil Procedure § 387 and Hodge v. Kirkpatrick Development, Inc., 130 Cal.App.4th 540 (2005) to support its proposition that Traveler's would not be allowed to intervene in the State Action. Pl.'s Mem. at 8, FN 3.

Plaintiff, however, fails to state with any specificity how these authorities support its position. The Court, after reviewing these authorities, finds nothing in them to support Plaintiff's contention. In fact, California Code of Civil

Procedure § 387 would seem to allow Plaintiff to intervene in the State Action, rather than to bar him from so doing[2], a fact that weighs in favor of staying the federal proceedings. See <u>Wilton v. Seven Falls Company</u>, 515 U.S. 277, 283 (1995).

The Court has reviewed Plaintiff's other cited federal and state authorities. The Court finds that these cases address, directly or indirectly, the same issue the Court addresses, viz., whether the Court should avoid duplicating litigation underway in state court. The issue of property damage, so crucial in deciding the issue of coverage, is part of the litigation in the State Action. Accordingly, the Court will refrain from deciding this issue.

//
//
//
//
//
//
//
//
//
//
//

---

[2] California Code of Civil Procedure § 387(a) in relevant part reads: "Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding."

7

**V.   CONCLUSION**

The Court will stay the federal action in order to avoid duplicating litigation underway in the State Action and to provide Plaintiff with the possibility of a future forum.

For these reasons, the Court GRANTS Defendants' motion to STAY Plaintiff's declaratory relief action.  This action is STAYED until such time as it is appropriate for the Court to take up the case again.

The Court DENIES Defendants' motion to dismiss the federal action.

IT IS SO ORDERED.

Dated: November 1, 2005

_____
UNITED STATES DISTRICT JUDGE